IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01294-PAB

ANGELA T. CORDOVA,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

      Defendant.

---

## ORDER

---

      This matter comes before the Court on plaintiff Angela T. Cordova's complaint [Docket No. 3] filed on June 3, 2010. Plaintiff seeks review of the final decision of defendant Michael J. Astrue (the "Commissioner") denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33, and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-83c. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

## I. BACKGROUND

      Plaintiff applied for disability benefits on February 12, 2008. She claimed that she was unable to work due to disability beginning on December 19, 2006. Plaintiff's claim was initially denied on May 1, 2008. After a September 17, 2009 hearing, an Administrative Law Judge ("ALJ") again denied plaintiff's claim in a decision dated January 8, 2010. *See* R. at 25. In his decision, the ALJ found that plaintiff had "the

following severe impairments: post traumatic stress disorder . . . and bipolar disorder."

R. at 19 (citing 20 C.F.R. § 404.1520(c)).  The ALJ determined, however, that these

impairments, alone or in combination, did not meet one of the listed impairments in the

regulations.  *See* R. at 20.  The ALJ concluded that plaintiff retained the residual

functional capacity ("RFC") to

> perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant is able to understand, remember, and carry out simple routine instructions and complete assigned tasks with minimal supervision.  She can sustain attention in two-hour blocks throughout an eight-hour work day.  She retains the ability to exercise sufficient judgment to make basic work-related decisions.  She is able to adhere to a normal schedule.  She would not be able to tolerate a rapid pace or multitasking.  She is able to adjust to changes in a routine work environment with few variables.  She can tolerate no more than incidental interaction with the public (*i.e.*, work where interaction with the public is not required for the performance of job tasks).  She is able to interact appropriately with supervisors provided that contact is not frequent or prolonged, and she can work around, but not in close coordination with, others.

R. at 21.

Based upon these findings and the testimony of a vocational expert ("VE"), the

ALJ found that plaintiff could perform her "past relevant work as a display fabricator."

R. at 24.  Therefore, the ALJ concluded that plaintiff was not disabled during the

relevant time period.  *See* R. at 25.  The Appeals Council denied plaintiff's request for

review of this denial on April 26, 2010.  *See* R. at 1-3.  Consequently, the ALJ's

decision is the final decision of the Commissioner.

## II. ANALYSIS

### A.  Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to

determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B. The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2).

Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical
> or mental impairment or impairments are of such severity that he is not only
> unable to do his previous work but cannot, considering his age, education,
> and work experience, engage in any other kind of substantial gainful work
> which exists in the national economy, regardless of whether such work exists
> in the immediate area in which he lives, or whether a specific job vacancy
> exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006).  The Commissioner has established a five-step

sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R.

§ 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  The steps of the

evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has
> a severe impairment; (3) whether the claimant's impairment meets an
> impairment listed in appendix 1 of the relevant regulation; (4) whether the
> impairment precludes the claimant from doing his past relevant work; and (5)
> whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R.

§ 404.1520(b)-(f)).  A finding that the claimant is disabled or not disabled at any point in

the five-step review is conclusive and terminates the analysis.  *Casias v. Sec'y of*

*Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability.  However,

"[i]f the claimant is not considered disabled at step three, but has satisfied her burden of

establishing a prima facie case of disability under steps one, two, and four, the burden

shifts to the Commissioner to show the claimant has the residual functional capacity

(RFC) to perform other work in the national economy in view of her age, education, and

work experience."  *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005);

*see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987).  While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts."  *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C. The ALJ's Decision

Plaintiff contends, *inter alia*, that the "mental limitations contained in the RFC are inconsistent with a finding that [she] can perform work with a Reasoning Level of 3." Docket No. 14 at 20.  The Court agrees.

At step five of the evaluative process, the ALJ relied upon the testimony of the VE that "an individual of the same age, education, and work background as the claimant, with the residual functional capacity set forth above, would be able to perform the claimant's past work as a display fabricator."  R. at 25.  The display fabricator position is designated as having a General Educational Development ("GED") reasoning level of three in the Dictionary of Occupational Titles ("DOT").  *See Malusa v. Astrue*, 2009 WL 2707219, at *4-5 (D. Ariz. Aug. 25, 2009) ("The GED levels 'embrace[] those aspects of education (formal and informal) which are required of the worker for satisfactory job performance.  This is education of a general nature which does not have a recognized, fairly specific occupational objective.'") (citing *Dictionary of Occupational Titles* ("*DOT*"), Appx. C. § III (4th ed. rev. 1991)).  Level three reasoning is defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized situations."  *DOT*, Appx. C § III.

5

The Tenth Circuit has addressed an ALJ's determination that a claimant limited to "simple and routine work" could perform jobs requiring a GED reasoning level of three. *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). The *Hackett* court stated that the plaintiff's RFC "seems inconsistent with the demands of level-three reasoning" and concluded that level two reasoning – which requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations" – "appear[ed] more consistent with Plaintiff's RFC" limitation to "simple and routine work." *Id.* Because the ALJ in *Hackett* failed to address the "apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and . . . level-three reasoning," the court reversed and remanded that aspect of the ALJ's decision. *Id.*

Here, the ALJ concluded that plaintiff is "able to understand, remember, and carry out simple routine instructions" and is "able to adjust to changes in a routine work environment with few variables." R. at 21. These limitations appear inconsistent with level three reasoning. *See Hackett*, 395 F.3d at 1176; *see also Scheibeler v. Astrue*, No. 08-cv-01643-WYD, 2009 WL 3077310, at *3 (D. Colo. Sep. 21, 2009) ("A person such as Plaintiff whose mental RFC is limited to 'simple' work and work that is not 'detailed' would thus arguably lack the mental RFC for jobs at or above [reasoning level two].") (citing *Hackett*, 395 F.3d at 1176; *Clay v. Barnhart*, 417 F.3d 922, 931 (8th Cir. 2005); *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997)). In the face of that inconsistency, it was the ALJ's duty to "investigate and elicit a reasonable explanation

6

for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999).

Here, the ALJ asked the VE whether his opinion was "inconsistent in any way with the Dictionary of Occupational Titles and its companion publications," and the VE responded that it was not, adding that the "DOT simply doesn't address many of the issues discussed today and on which I need to rely upon my professional experience, issues such as pace, multitasking, public contact, supervisory contact, deadlines, disruptive behaviors." R. at 51. Defendant contends that the Court is not free to upset the ALJ's reliance upon the VE's testimony that there is no inconsistency between the plaintiff's RFC and the DOT description of the display fabricator position. *See* Docket No. 17 at 23-24 (citing, *inter alia*, *McKinnon v. Astrue*, 2010 WL 3190621, at *5 (D. Colo. Aug. 12, 2010) ("So long as the ALJ fulfilled his duty to develop the record, in this case, by inquiring of the VE whether his answers were consistent with the DOT, the Court will not disturb his decision.") (citing Social Security Ruling ("SSR") 00-4P)). However, it is not always sufficient for the ALJ to simply "[a]sk the VE . . . if the evidence he or she has provided conflicts with information provided in the DOT." SSR 00-4P. "If the VE's . . . evidence appears to conflict with the DOT," the ALJ must "obtain a reasonable explanation for the apparent conflict." SSR 00-4P; *see Haddock*, 196 F.3d at 1090 ("To allow an ALJ to elicit and rely on summary conclusions given by a VE, in the absence of contrary testimony elicited by the claimant through cross-examination, would amount to shifting the burden to produce and develop vocational evidence back to the claimant.").

7

The ALJ, however, did not identify what has been consistently identified as a

conflict between level three reasoning and a limitation to simple and routine tasks. *See*

*Hackett*, 395 F.3d at 1176; *Pritchett v. Astrue*, 220 F. App'x 790, 793 (10th Cir. 2007);

*Garcia v. Barnhart*, 188 F. App'x 760, 767 (10th Cir. 2006); *Martin v. Astrue*, No. 09-cv-

02923-PAB, 2011 WL 1103338, at *5 (D. Colo. March 24, 2011); *Banks v. Astrue*, No.

09-cv-01438-WYD, 2010 WL 3894040, at *9 (D. Colo. Sep. 29, 2010); *Scheibeler*, 2009

WL 3077310, at *3.[1]   Nor did the VE clearly address the inconsistency.  The VE did list

various issues he considered which are not addressed by the DOT, some of which may

arguably relate to reasoning, but in doing so he was not explaining any inconsistency

between the DOT and plaintiff's RFC.  Rather, he denied that any such inconsistency

existed and then described what other issues he considered.  Such testimony does not

suggest he was addressing the reasoning level requirements of the position.  Because

the VE failed to do so, the ALJ was obligated to request an explanation of the

inconsistency between level three reasoning and plaintiff's RFC.  In light of this error,

this case must be reversed and remanded.  *See Duran v. Astrue*, 654 F. Supp. 2d

1298, 1303 (D. Colo. 2009) ("In *Hackett*, the Tenth Circuit held that when a claimant

retains the mental RFC to perform only 'simple and routine work tasks' – and the ALJ

---

[1]*See Smith v. Barnhart*, 172 F. App'x 795, 799 (10th Cir. 2006) ("A reasonable explanation may be that the VE considered other information not listed in the DOT. And the VE in this case did indicate that he relied on sources other than the DOT. Although the ALJ recognized that the VE had relied on these other sources, the ALJ did not rely on the VE's use of these other sources to explain an inconsistency, because the ALJ found no inconsistency between the VE's responses and the DOT.  Where, as here, the DOT clearly classifies the kitchen helper and janitor/cleaner jobs as medium, not light, work and the VE does not supply any reason for classifying the exertional demands of these occupations differently than the DOT, the ALJ may not rely on the VE's indication that these jobs are light work.").

finds a claimant not disabled at step five based on a vocational expert's testimony that the claimant is able to perform jobs with a reasoning level of three – a finding that the claimant was not disabled at step five is not based upon substantial evidence.").

Plaintiff also contends that the matter must be remanded so that the ALJ can consider the determination by the United States Office of Personnel Management ("OPM") that plaintiff, a former United States Postal Service employee, was entitled to disability payments.  As the defendant admits, "[d]isability determinations by other agencies are not binding on the Commissioner, but are nonetheless evidence that must be considered."  Docket No. 17 at 21 (citing 20 C.F.R. § 404.1504; *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993)).  Defendant asserts that the ALJ considered the OPM's decision.  *See* Docket No. 17 at 21 (citing R. at 22-23). While the ALJ referenced plaintiff's receipt of disability payments when assessing plaintiff's claim that she could not afford mental health treatment, *see* R. at 22, the ALJ did not consider the OPM's disability determination.  Upon remand, the ALJ must do so. *See Baca*, 5 F.3d at 480.

The ALJ's proper consideration of the OPM determination may impact the ALJ's assessment of plaintiff's credibility, *see* R. at 23 ("There is no explanation in the evidentiary record or the hearing testimony for why the claimant was able to maintain regular employment with the Postal Service through 2005, but was unable to work thereafter."), and of the medical evidence to determine, *inter alia*, its consistency with the record as a whole.  *See* 20 C.F.R. § 416.927(d).  Therefore, the Court will not address these issues or plaintiff's contention that the ALJ did not adequately explain the

evidentiary basis for the RFC determination, a determination that the ALJ may need to revisit upon proper consideration of all the evidence on remand.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand."); *see also Daniell v. Astrue*, 384 F. App'x 798, 804 (10th Cir. 2010) (unpublished) ("We will not reach the remaining issues raised by Ms. Daniell because they may be affected by the ALJ's resolution of this case on remand.").

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the decision of the Commissioner that plaintiff was not disabled is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED July 28, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge