IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01294-PAB

ANGELA T. CORDOVA,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

**ORDER**

    This matter comes before the Court on plaintiff Angela Cordova's motion for attorney's fees [Docket No. 24] brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), which defendant Carolyn W. Colvin (the "Commissioner") opposes [Docket No. 23]. The Commissioner believes she was "substantially justified" in litigating this appeal. *Cf. Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008) ("EAJA fees are assessed against the United States when its actions were not 'substantially justified.'") (citing 28 U.S.C. § 2412(d)(1)(A) (2006)).

    "[A] claimant may seek to defray the cost of appealing from an agency decision to a court under the . . . [EAJA] fee shifting statute." *Wrenn*, 525 F.3d at 934. Under the EAJA, "'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., brought by or against the United States . . ., unless the court finds that the position of the United

States was substantially justified." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A) (2006) (omissions in original) (emphasis omitted)). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Under the EAJA, the government bears the burden of showing that its position was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).[1]

Here, the Court reversed and remanded the Commissioner's decision that plaintiff was not disabled because the ALJ failed to obtain a sufficient explanation from the vocational expert ("VE") regarding the inconsistency between plaintiff's residual functional capacity ("RFC") and the VE's finding that plaintiff was capable of performing past relevant work requiring a reasoning level of three. *Cordova v. Astrue*, 10-cv-01294-PAB, 2011 WL 3236077, at *3-*4 (D. Colo. July 28, 2011). In addition, the Court directed the ALJ on remand to consider the determination of the United States Office of Personnel Management ("OPM") that plaintiff was disabled. *Id.* at *4.

The ALJ had found that plaintiff had the RFC to "understand, remember, and carry out simple routine instructions and complete assigned tasks with minimal supervision," "sustain attention in two-hour blocks throughout an eight-hour work day," "adhere to a normal schedule," "exercise sufficient judgment to make basic work-related

---

[1] The Court is to consider both the government's position in the underlying agency action and its position during any subsequent litigation. *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D) (stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").

decisions," and "adjust to changes in a routine work environment with few variables." *Id.* at *1. A reasoning level of three entails the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized situations." *Dictionary of Occupational Titles ("DOT")*, App. C § III (4th ed. rev. 1991).

At the administrative hearing, the VE stated that plaintiff could perform past relevant work as a display fabricator, which has a reasoning level of three. *Cordova*, 2011 WL 3236077, at *2. The ALJ asked the VE whether his opinion was "inconsistent in any way with the [DOT] and its companion publications," to which the VE responded that it was not, and stated that he had considered factors not included in the DOT's analysis, "such as pace, multitasking, public contact, supervisory contact, deadlines, disruptive behaviors." *Cordova*, 2011 WL 3236077, at *3. The ALJ relied on the VE's testimony in arriving at his determination that plaintiff was not disabled. *Id.*

With respect to OPM's award of disability benefits to plaintiff, the Court found that the ALJ referenced it but did not fully consider or discuss it. *Id.* at *4. The Court stated that consideration of this evidence on remand could "impact the ALJ's assessment of plaintiff's credibility . . . and of the medical evidence." *Id.*

"When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000); *see also Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (reversing and remanding case because ALJ failed to address the "apparent conflict between Plaintiff's inability to

perform more than simple and repetitive tasks and . . . level-three reasoning").

The Commissioner argues that the ALJ reasonably relied on the VE's testimony, in light of the fact that the ALJ specifically asked the VE about inconsistencies between his opinion and the DOT and received a clear answer.  Docket No. 23 at 4.  The Commissioner points out that the VE, relying on his unique professional experience, specifically enumerated the broad range of factors he considered in arriving at his decision, and argues that the ALJ was justified in understanding that the VE's considerations included plaintiff's reasoning ability.  *Id.*  The Commissioner further argues that the ALJ's failure to explicitly discuss OPM's determination was, at most, harmless error because the ALJ credited this determination in finding that plaintiff could not perform her past relevant work as a mail sorter.  Docket No. 23 at 6-7.

The Court finds the Commissioner's reasoning persuasive.  After specifically questioning the VE regarding consistency between the VE's opinion and the DOT, the ALJ was substantially justified in relying on his answer, which cited a number of relevant factors, even though it fell short of the necessary "reasonable explanation."  That the Court did not conclude the Commissioner was correct does not inevitably lead to an award of fees. *See Underwood*, 487 U.S. at 566 n. 2 ("[A] position can be justified even though it is not correct.").  Moreover, this case is distinguishable from *Prieto v. Astrue*, 2008 WL 376215, at *3 (D. Utah Feb. 11, 2008), which plaintiff cites for the proposition that an ALJ is not substantially justified in failing to resolve a conflict between a VE's testimony and the DOT.  In that case, there is no indication that the ALJ inquired about the conflict at all, as did the ALJ in this case.  *See id.*

With respect to the OPM's determination, the ALJ "noted that [plaintiff] receives

disability payments from her former job at the Postal Service, " R. at 22, and found that "[t]here is no explanation in the evidentiary record or the hearing testimony for why the claimant was able to maintain regular employment with the Postal Service through 2005, but was unable to work thereafter." R. at 23. In addition, the ALJ credited the evidence that plaintiff was no longer able to work as a mail sorter. R. at 25. Given these references to the OPM's determination, the Court finds that the ALJ's failure to consider the determination in greater depth does not render the ALJ's conclusion unjustified. See McLeran v. Astrue, 09-cv-02924-LTB, 2011 WL 1666831, at *4 (D. Colo. May 3, 2011) (stating, when concluding that the Commissioner's position was substantially justified, that "[t]his is not a case in which the ALJ applied the wrong standard or where the record lacked any evidence in support of the ALJ's findings; rather, the error I found was that the order did not demonstrate that the ALJ considered all the evidence related to Plaintiff's mental RFC").

Accordingly, it is

**ORDERED** that Plaintiff-Appellant's Application for Attorney Fees Under the Equal Access to Justice Act [Docket No. 22] is DENIED.


DATED April 12, 2013.

BY THE COURT:


 s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge